

# NUMBER 13-18-00148-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**WILLIAM KENNIHAN,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

By a single issue, appellant William Kennihan appeals the trial court's judgment revoking his deferred adjudication community supervision. Kennihan was on deferred adjudication supervision after he pleaded guilty to aggravated kidnapping and attempted sexual assault as a repeat felony offender, first and second–degree felonies respectively.

*See* TEX. PENAL CODE ANN. §§ 12.42, 20.04, 22.011. By a single issue, Kennihan challenges his sentences on the grounds that they are disproportionate to his crime and constitute cruel and unusual punishment. We affirm.

## I. BACKGROUND

Kennihan was charged with aggravated kidnapping and attempted sexual assault, as a repeat felony offender after he was arrested on January 8, 2016, in Nueces County, Texas. *See id.* §§ 12.42, 20.04, 22.011. Kennihan pleaded guilty on January 13, 2017, pursuant to a plea agreement for ten years' deferred adjudication on both cases, which included sex offender treatment and registration for ten years. Kennihan pleaded true to the repeat felony offender enhancement.[1]

In May 2017, the State filed its first motion to revoke Kennihan's community supervision. The State filed its second amended motion to revoke on December 20, 2017. The State alleged that Kennihan committed multiple thefts of services from area hotels, forged a check, committed multiple criminal trespasses, failed to report to his probation officer, failed to pay fees and fines, failed to report a change of residence, and failed to participate in sex offender treatment.

The trial court held a hearing on the second amended motion to revoke in February 2018. Kennihan pleaded not true to all of the allegations. The State brought witnesses to substantiate each of the alleged law violations of thefts of services, criminal trespasses, and forgery. Kennihan's probation officer testified to his failure to report, his failure to pay fees and fines, and his violation of the sex offender requirements. However, the

---

[1] The enhancement on his attempted sexual assault conviction increased his penalty range to that of a second degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a).

2

probation officer did not have personal knowledge of Kennihan's alleged failure to report a change of address. The probation officer believed Kennihan moved based upon the varying home addresses Kennihan reported to the police when he was arrested.

The trial court found all of the allegations to be true except the failure to report a change of address and adjudicated his guilt. The trial court sentenced Kennihan to concurrent sentences of twenty-five years' and fifteen years' imprisonment for aggravated kidnapping and for attempted sexual assault. Kennihan appealed.

## II. APPELLANT FAILED TO PRESERVE HIS CLAIM OF DISPROPORTIONATE SENTENCE

Kennihan argues that the sentences imposed by the trial court were disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments to the United States constitution. *See* U.S. CONST. amends. VIII, XIV. To preserve a complaint of disproportionality for review, a defendant must make a specific and timely objection in the trial court. TEX. R. APP. P. 33.1; *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits error); *see also Lara v. State*, No. 13-14-00396-CR, 2016 WL 2955012, at *2 (Tex. App.—Corpus Christi–Edinburg May 19, 2016, no pet.) (mem. op., not designated for publication).

Kennihan did not object at sentencing, nor did he file a post-judgment motion objecting to his sentences. As a result, he has not preserved his Eighth Amendment challenge to his sentences for appeal. *See Rhoades*, 934 S.W.2d at 120. Moreover, Kennihan's punishment of twenty-five years' imprisonment for aggravated kidnapping

falls within the applicable punishment range and is not unconstitutionally excessive nor cruel and unusual. *See* TEX. PENAL CODE ANN. § 12.32(a) (stating the punishment range for a first-degree felony is life or for any term of not more than 99 years or less than 5 years); *See Harmelin v. Michigan*, 501 U.S. 957, 1000 (1991) (plurality op.) (J. Kennedy concurring) (affirming sentence of mandatory life imprisonment without parole for possession of 672 grams of cocaine); *Rummel v.* Estelle, 445 U.S. 263, 284, 285 (1980).

Kennihan's sole issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
3rd day of July, 2019.